FILED

11 MAR 30  AM 11: 29

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

TINA WOLFSON, SBN 174806
twolfson@ahdootwolfson.com
ROBERT AHDOOT, SBN 172098
rahdoot@ahdootwolfson.com
AHDOOT & WOLFSON, APC
10850 Wilshire Boulevard, Suite 370
Los Angeles, California 90024
Tel: (310) 474-9111; Fax:  (310) 474-8585

Attorneys for Plaintiffs,
JENNIFER KIRK, DAVID DONNELL,
and A. Y., a minor by and through  A. DAVID Y.,
parent and *guardian ad litem*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER KIRK, an individual,  DAVID DONNELL, an individual, and A. Y., a minor by and through  A. DAVID Y., parent and *guardian ad litem*, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HEALTH NET, INC., a Delaware Corporation, INTERNATIONAL BUSINESS MACHINES CORP., a New York Corporation, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV11- 02536 RSWL VBKx<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1.  Violation of the California Confidentiality of Medical Information Act, Civil Code §56 *et seq.*<br>2.  Violation of the California Unfair Competition Law, Business & Professions Code §17200, *et seq.*<br>3.  Invasion of Privacy - Intrusion, Public Disclosure of Private Facts, Misappropriation of Likeness and Identity, and California Constitutional Right to Privacy<br>4.  Negligence<br>5.  Bailment<br>6.  Conversion<br>7.  Breach of Fiduciary Duty<br><br>DEMAND FOR JURY TRIAL |

LODGED

11 MAR 25  PM 2: 33

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:

The Plaintiffs, JENNIFER KIRK, DAVID DONNELL, A. Y., a minor by and through A. DAVID Y., parent and *guardian ad litem* (collectively, "Plaintiffs"), individually and on behalf of all other similarly situated, hereby make the following allegations against Defendants HEALTH NET INC. ("HEALTH NET") and INTERNATION BUSINESS MACHINES CORP. ("IBM") upon information and belief, except as to their own actions, the investigation of their counsel, and the facts that are a matter of public record:

## NATURE OF CLAIM

1.      This is a consumer class action lawsuit brought on behalf of Plaintiffs, individually, and on behalf of all other adult and minor persons whose identities, personal information, financial information, and medical information were lost or disclosed by Defendants in or around January 2011.

2.      Defendants failed to keep safe their customers' sensitive private information, and to promptly notify its customers of the data breach, despite the fact that another similar data breach had occurred in 2009.  At that time, HEALTH NET's failures with regard to the safekeeping of customer information data as well as its failures to promptly notify its customers and governmental authorities of the data breach were scrutinized by the Connecticut Attorney General and found to deliberately violate federal law as well as HEALTH NET's own policies and procedures.

2

## **PARTIES**

3.     Plaintiff JENNIFER KIRK is a resident of the State of California, is over eighteen years of age and a customer of HEALTH NET.

4.     Plaintiff DAVID DONNELL is a resident of the State of Georgia, is over eighteen years of age and a customer of HEALTH NET.

5.     Plaintiff A. Y., a minor by and through A. DAVID Y., parent and *guardian ad litem*, is a resident of the State of California and is a customer of HEALTH NET.

6.     Defendant HEALTH NET is a corporation organized under the laws of the State of Delaware, registered with the California Secretary of State to do business in the State of California, with its principal place of business in Woodland Hills, Los Angeles County, California, which is located in the Central District of California.

7.     Defendant IBM is a corporation organized under the laws of the State of New York, with its principal place of business in Armonk, New York.

8.     The true names and capacities, whether individual, corporate, associate or otherwise, of each of the defendants designated as a DOE are unknown to Plaintiffs at this time and therefore Plaintiffs sue defendants by such fictitious names.  Plaintiffs will ask leave of the Court to amend this Complaint to show the true names and capacities of the DOE defendants when that information has been ascertained.  Each of the defendants designated herein as a DOE is legally responsible in some manner and liable for the events and happenings herein alleged and, in such manner, proximately

1   caused harm to Plaintiffs as further alleged herein.

2       9.    Each of the named Defendants acted as the employee, agent, partner,

3

4   alter-ego and/or joint venturer of each of the other named Defendants and, in doing the

5   acts and carrying out the wrongful conduct alleged, each of the Defendants acted

6
    within the scope of said relationship with the permission, consent and ratification of
7

8   each of the other named Defendants.

9                               **JURISDICTION AND VENUE**

10      10.   The Court has jurisdiction over this action pursuant to the Class Action

11

12  Fairness Act, and particularly 28 U.S.C. §1332(d)(2) because the matter in controversy

13  exceeds $5,000,000 and some of the members of the purported class are citizens of a

14
    state that is different from the principal place of business of the Defendants.
15

16      11.   Venue is proper in the Central District of California pursuant to 28 U.S.C.

17  §§1391(b)-(c) and 1441(a).  HEALTH NET's principal place of business is in this

18
    District, Plaintiffs KIRK, A. Y., a minor by and through A. DAVID Y., and numerous
19

20  other class members reside in this District, and the alleged actions, events and

21  occurrences giving rise to this action occurred in this District.

22                              **GENERAL ALLEGATIONS**

23

24      12.   HEALTH NET is one of the nation's largest managed care providers.

25      13.   On January 21, 2011, IBM, which manages HEALTH NET's data center

26
    operations, notified HEALTH NET that it could not locate nine hard disk drives that
27

28  had been used in HEALTH NET's corporate servers and that IBM was handling on

                                         4

behalf of HEALTH NET. The drives contain personal, financial and medical information (collectively, "Private Information") pertaining to nearly two million customers, employees, and healthcare providers.

14.     Almost two months later, on March 14, 2011, HEALTH NET notified some of its customers that Private Information pertaining to them, including, but not limited to name, address, health information, Social Security Number and financial information, was included on the hard disk drives.

15.     This is not the first time HEALTH NET has lost electronically stored, confidential, and personal financial and health-related information concerning its customers.

16.     On or about May 2009, HEALTH NET learned that a portable computer disk drive disappeared after or during transport from California to Connecticut (the "2009 Data Breach").

17.     The drive HEALTH NET lost during the 2009 Data Breach contained confidential data concerning hundreds of thousands of customers, including their names, addresses, social security numbers, bank account numbers, and health information.

18.     After the 2009 Data Breach, HEALTH NET failed to promptly inform its customers that they were affected by the 2009 Data Breach.

19.     The Connecticut Attorney General determined that HEALTH NET violated its own policies and procedures and its obligations under federal law by

mishandling the data subject to the 2009 Data Breach.

20.    As a result of the 2009 Data Breach, the Connecticut Attorney General filed suit against HEALTH NET for multiple violations of the Health Insurance Portability and Accountability Act of 1996, as amended by the Health Information Technology for Economic and Clinical Health Act, 42 U.S.C. §1302(a) ("HIPAA"), violations of Department of Health and Human Services Regulations, 45 C.F.R. §160 et seq., and willful unfair trade practices, in an action entitled *Attorney General of the State of Connecticut v. Health Net of the Northeast, Inc.*, Case No. 3:10-cv-00057-PCD (D. Conn.) (hereinafter, the "2009 Connecticut Action").

21.    HEALTH NET settled the 2009 Connecticut Action by entering into a stipulated judgment that required it to make monetary payments to the State of Connecticut and to enhance its security procedures and training in order to prevent any further data breaches, among other terms.  Despite that stipulated judgment, HEALTH NET again flouted its obligations to protect its customers' data by allowing the present data breach to occur in January 2011.

## CONSEQUENCES OF DEFENDANTS' CONDUCT

22.    The ramifications of Defendants' loss of Plaintiffs' data are severe.

23.    The information Defendants lost, including Plaintiffs' identifying information, social security numbers, and other financial information, is "as good as gold" to identity thieves, in the words of the Federal Trade Commission ("FTC"). FTC, *About Identity Theft*, available at

**CLASS ACTION COMPLAINT**

<http://www.ftc.gov/bcp/edu/microsites/idtheft/consumers/about-identity-theft.html> (visited March 23, 2011).   Identity theft occurs when someone uses another's personal identifying information, such as that person's name, Social Security Number, or credit card number, without permission to commit fraud or other crimes. *Id.*  The FTC estimates that as many as 9 million Americans have their identities stolen each year. *Id.*

24.    Identity thieves can use identifying data such as Social Security Numbers to open new financial accounts and incur charges in another person's name, take out loans in another person's name, incur charges on existing accounts, or clone ATM, debit, or credit cards. *Id.*

25.    Identity thieves can use personal information such as that pertaining to Plaintiffs which Defendants lost to perpetrate a variety of crimes that do not cause financial loss, but nonetheless harm the victims.  For instance, identity thieves may commit various types of government fraud such as: immigration fraud; obtaining a driver's license or identification card in the victim's name but with another's picture; using the victim's information to obtain government benefits; or filing a fraudulent tax return using the victim's information to obtain a fraudulent refund.

26.    In addition, identity thieves may get medical services using the Plaintiffs' lost information or commit any number of other frauds, such as obtaining a job, procuring housing, or even giving false information to police during an arrest.

27.    Annual monetary losses from identity theft are in the billions of dollars.

7

According to a Presidential Report on identity theft produced in 2008:

> In addition to the losses that result when identity thieves fraudulently open accounts or misuse existing accounts, . . . individual victims often suffer indirect financial costs, including the costs incurred in both civil litigation initiated by creditors and in overcoming the many obstacles they face in obtaining or retaining credit.  Victims of non-financial identity theft, for example, health-related or criminal record fraud, face other types of harm and frustration.

> In addition to out-of-pocket expenses that can reach thousands of dollars for the victims of new account identity theft, and the emotional toll identity theft can take, some victims have to spend what can be a considerable amount of time to repair the damage caused by the identity thieves. Victims of new account identity theft, for example, must correct fraudulent information in their credit reports and monitor their reports for future inaccuracies, close existing bank accounts and open new ones, and dispute charges with individual creditors.

*The President's Identity Theft Task Force Report* at p.21 (Oct. 21, 2008), available at <http://www.idtheft.gov/reports/StrategicPlan.pdf>.

28.    "In addition to the financial harm associated with other types of identity theft, victims of medical identity theft may have their health endangered by inaccurate entries in their medical records.  This inaccurate information can potentially cause victims to receive improper medical care, have their insurance depleted, become ineligible for health or life insurance, or become disqualified from some jobs.  Victims may not even be aware that a theft has occurred because medical identity theft can be difficult to discover, as few consumers regularly review their medical records, and victims may not realize that they have been victimized until they receive collection notices, or they attempt to seek medical care themselves, only to discover that they have reached their coverage limits." *Id.* at 30.

8

29.   "With the advent of the prescription drug benefit of Medicare Part D, the Department of Health and Human Services' Office of the Inspector General (HHS OIG) has noted a growing incidence of health care frauds involving identity theft." Identity thieves can use such information "fraudulently to enroll unwilling beneficiaries in alternate Part D plans in order to increase . . . sales commissions" or commit other types of fraud.  "The types of fraud that can be perpetrated by an identity thief are limited only by the ingenuity and resources of the criminal." *Id.* at 31.

30.   According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.

GAO, *Report to Congressional Requesters*, at p.33 (June 2007), available at <http://www.gao.gov/new.items/d07737.pdf>.

31.   The unauthorized disclosure of Social Security Numbers can be particularly damaging, because Social Security Numbers cannot easily be replaced.  In order to obtain a new number, a person must prove, among other things, that he or she continues to be disadvantaged by the misuse.  Thus, no new number can be obtained until the damage has been done.  Furthermore, as the Social Security Administration ("SSA") warns:

> a new number probably will not solve all your problems. This is because

9

other governmental agencies (such as the Internal Revenue Service and state motor vehicle agencies) and private businesses (such as banks and credit reporting companies) likely will have records under your old number. Also, because credit reporting companies use the number, along with other personal information, to identify your credit record, using a new number will not guarantee you a fresh start. This is especially true if your other personal information, such as your name and address, remains the same.

If you receive a new Social Security Number, you will not be able to use the old number anymore.

For some victims of identity theft, a new number actually creates new problems. If the old credit information is not associated with the new number, the absence of any credit history under the new number may make it more difficult for you to get credit.

SSA, *Identity Theft and Your Social Security Number*, SSA Publication No. 05-10064 (Aug. 2009), available at <http://www.ssa.gov/pubs/10064.html>.

32.   Plaintiffs and the Class they seek to represent now face years of constant surveillance of their financial and medical records, monitoring, loss of rights, and potential medical problems.

## CLASS ACTION ALLEGATIONS

33.   Plaintiffs bring this action on their own behalf, and on behalf of all other persons similarly situated ("the Class"). The Class that Plaintiffs seek to represent is:

All adult and minor persons who are or who ever been a customer of HEALTH NET whose personal, financial or medical information was included in the hard disk drives lost or stolen in or around January 2011. Excluded from the Class are Defendants; officers, directors, and employees of Defendants; any entity in which Defendants have a controlling interest; the affiliates, legal representatives, attorneys, heirs, and

10

assigns of the Defendants.

34.    The members of the Class are so numerous that the joinder of all members is impractical.  While the exact number of Class members is unknown to Plaintiffs at this time, based on information and belief, it is at least approximately 1.9 million.

35.    There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiffs' claims are typical of the members of the Class, and Plaintiffs can fairly and adequately represent the interests of the Class.

36.    This action satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) because it involves questions of law and fact common to the member of the Class that predominate over any questions affecting only individual members, including, but not limited to:

    a.    Whether Defendants unlawfully used, maintained, lost or disclosed Class members' personal, financial and medical information;

    b.    Whether Defendants' conduct violated the California Confidentiality of Medical Information Act, Civil Code §56 *et seq.*;

    c.    Whether Defendants' conduct violated the California Business & Professions Code §17200, *et seq.*

    d.    Whether Defendants' conduct was negligent;

    e.    Whether Defendants acted willfully and/or with oppression, fraud, or malice;

11

f.  Whether Defendants' conduct constituted Intrusion;

g.  Whether Defendants' conduct constituted Public Disclosure of Private Facts;

h.  Whether Defendants' conduct constituted Misappropriation of Likeness and Identity;

i.  Whether Defendants' conduct violated Class members' California Constitutional Right to Privacy;

j.  Whether Defendants' conduct constituted Bailment;

k.  Whether Defendants' conduct constituted Conversion;

l.  Whether Defendants' conduct constituted Breach of Fiduciary Duty;

m.  Whether Plaintiffs and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

37.  Plaintiffs' claims are typical of those of other Class members because Plaintiffs' information, like that of every other class member, was misused and/or disclosed by Defendants.

38.  Plaintiffs will fairly and accurately represent the interests of the Class.

39.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants and would lead to repetitive adjudication of common questions of law and

**CLASS ACTION COMPLAINT**

fact.  Accordingly, class treatment is superior to any other method for adjudicating the controversy.  Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action under Rule 23(b)(3).

40.     Damages for any individual class member are likely insufficient to justify the cost of individual litigation, so that in the absence of class treatment, Defendants' violations of law inflicting substantial damages in the aggregate would go un-remedied without certification of the Class.

41.     Defendants have acted or refused to act on grounds that apply generally to the class, as alleged above, and certification is proper under Rule 23(b)(2).

### FIRST COUNT

**Violation of the California Confidentiality of Medical Information Act, Civil Code §56 *et seq.***

**(Against All Defendants)**

42.     Plaintiffs incorporate the substantive allegations contained in all previous paragraphs as if fully set forth herein.

43.     Defendants are providers of health care within the meaning of Civil Code § 56.06(a) and maintain medical information as defined by Civil Code § 56.05(g).

44.     Plaintiffs are patients of Defendants, as defined in Civil Code § 56.05(h). Defendants maintain personal medical information of Plaintiffs and the Class.

45.     Defendants have misused and/or disclosed medical information regarding

13

1    Plaintiffs without written authorization compliant with the provisions of Civil Code §§

2    56 *et seq.*

3

4        46.    Defendants' misuse and/or disclosure of medical information regarding

5    the Plaintiffs and the Class constitutes a violation of Civil Code §§ 56.10, 56.11, 56.13,

6    and 56.26.

7

8        47.    Plaintiffs and the Class have suffered damages from the improper misuse

9    and/or disclosure of their medical information and therefore Plaintiffs and the Class

10   seek relief under Civil Code §§ 56.35 and 56.36.

11

12       48.    Plaintiffs and the Class seek actual damages, statutory damage, statutory

13   penalties, attorney fees and costs pursuant to Civil Code §§ 56.35 and 56.36.

14                                    **SECOND COUNT**

15   **Violation of the California Unfair Competition Law, Business & Professions Code**

16

17                                   **§17200, *et seq.***

18                              **(Against all Defendants)**

19

20       49.    Plaintiffs incorporate the substantive allegations contained in all previous

21   paragraphs as if fully set forth herein.

22       50.    Defendants' conduct constitutes unfair and illegal and fraudulent business

23

24   practices within the meaning of the California Business & Professions Code § 17200 *et*

25   *seq.*

26

27       51.    Defendants' conduct violated certain laws as alleged herein as well as

28   possibly HIPAA and the Department of Health and Human Services Regulations.  By

---

14

1  engaging in the said conduct in the course of doing business, Defendants engaged in

2  unlawful business practices in violation of the California Business & Professions Code

3

4  § 17200 *et seq.*

5      52.    By engaging in the above-described conduct in the course of doing

6  business, Defendants engaged in unfair business practices in violation of the California

7

8  Business & Professions Code section 17200 *et seq.*  The harm to each Plaintiff

9  outweighed any utility that Defendants' conduct may have produced.

10     53.    HEALTH NET's failure to disclose to its customers for almost two

11

12 months after the fact that their personal, financial and medical information was lost,

13 misused and/or disclosed, was likely to mislead the general public and constitutes a

14

15 fraudulent act or practice in violation of California Business & Professions Code

16 section 17200 *et seq.*

17     54.    Plaintiffs suffered injury in fact and lost property and money as a result of

18 Defendants' conduct.

19

20     55.    Plaintiffs seek restitution and injunctive relief on behalf of the Class.

21                            **THIRD COUNT**

22 **Invasion of Privacy - Intrusion, Public Disclosure of Private Facts,**

23

24 **Misappropriation of Likeness and Identity, and California Constitutional Right**

25                                **to Privacy**

26                          **(Against All Defendants)**

27

28     56.    Plaintiffs incorporate the substantive allegations contained in all previous

paragraphs as if fully set forth herein.

57.    Plaintiffs had a reasonable expectation of privacy in the Private Information Defendants mishandled.

58.    By failing to keep Plaintiffs' Information safe, and by misusing and/or disclosing said information to unauthorized parties for unauthorized use, Defendants invaded Plaintiffs' privacy by:

a.    intruding into Plaintiffs' private affairs in a manner that would be highly offensive to a reasonable person;

b.    publicizing private facts about Plaintiffs, which is highly offensive to a reasonable person;

c.    using and appropriating Plaintiffs' identity without Plaintiffs' consent;

d.    violating Plaintiffs' right to privacy under California Constitution, Article 1, Section 1, through the improper use of Plaintiffs' Private Information properly obtained for a specific purpose for another purpose, or the disclosure of it to some third party.

59.    Defendants knew, or acted with reckless disregard of the fact that, a reasonable person in Plaintiffs' position would consider Defendants' actions highly offensive.

60.    Defendants invaded Plaintiffs' right to privacy and intruded into Plaintiffs' private affairs by misusing and/or disclosing Plaintiffs' Private Information

16

without Plaintiffs' informed, voluntary, affirmative and clear consent.

61.    As a proximate result of such misuse and disclosures, Plaintiffs' reasonable expectations of privacy in their Private Information were unduly frustrated and thwarted.  Defendants' conduct amounted to a serious invasion of Plaintiffs' protected privacy interests.

62.    In failing to protect Plaintiffs' Private Information, and in misusing and/or disclosing  Plaintiffs' Private Information, despite the circumstances surrounding the 2009 Date Breach, Defendants have acted with malice and oppression and in conscious disregard of Plaintiffs' and the Class members' rights to have such information kept confidential and private.  Plaintiffs, therefore, seek an award of punitive damages on behalf of the Class.

## FOURTH COUNT

### Negligence

### (Against All Defendants)

63.    Plaintiffs incorporate the substantive allegations contained in all previous paragraphs as if fully set forth herein.

64.    Defendants came into possession of Plaintiffs' Private Information and had a duty to exercise reasonable care in safeguarding and protecting such information from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties.

65.    Defendant HEALTH NET had a duty to timely disclose that Plaintiffs'

17

Private Information within its possession had been compromised.

66.    Defendants had a duty to have procedures in place to detect and prevent the loss or unauthorized dissemination of Plaintiffs' Private Information. The 2011 Data Breach was reasonably foreseeable by Defendants, especially in light of the 2009 Data Breach.

67.    Defendants, through their actions and/or omissions, unlawfully breached their duty to Plaintiffs by failing to exercise reasonable care in protecting and safeguarding Plaintiffs' Private Information within Defendants' possession.

68.    Defendants, through their actions and/or omissions, unlawfully breached their duty to Plaintiffs by failing to exercise reasonable care by failing to have appropriate procedures in place to detect and prevent dissemination of Plaintiffs' Private Information.

69.    Defendants, through their actions and/or omissions, unlawfully breached their duty to timely disclose to the Plaintiffs and the Class members the fact that their Private Information within their possession had been compromised.

70.    Defendants' negligent and wrongful breach of their duties owed to Plaintiffs and the Class proximately caused Plaintiffs' and Class members' Private Information to be compromised.

71.    Plaintiffs seek the award of actual damages on behalf of the Class.

///

///

18

## FIFTH COUNT

### Bailment

### (Against All Defendants)

72.     Plaintiffs incorporate the substantive allegations contained in all previous paragraphs as if fully set forth herein.

73.     Plaintiffs and the Class members delivered and entrusted their Private Information to Defendants for the sole purpose of receiving health insurance services from Defendants.

74.     During the time of bailment, Defendants owed Plaintiffs and the Class members a duty to safeguard this information properly and maintain reasonable security procedures and practices to protect such information.  Defendants breached this duty.

75.     As a result of these breaches of duty, Plaintiffs and the Class members have suffered harm.

76.

77.     Plaintiffs seek actual damages on behalf of the Class.

## SIXTH COUNT

### Conversion

### (Against All Defendants)

78.     Plaintiffs incorporate the substantive allegations contained in all previous paragraphs as if fully set forth herein.

CLASS ACTION COMPLAINT

79.    Plaintiffs and Class members were the owners and possessors of their Private Information.  As the result of Defendants' wrongful conduct, Defendants have interfered with the Plaintiffs' and Class Members' rights to possess and control such property, to which they had a superior right of possession and control at the time of conversion.

80.    As a direct and proximate result of Defendants' conduct, Plaintiffs and the Class members suffered injury, damage, loss or harm and therefore seek compensatory damages.

81.    In converting Plaintiffs' Private Information, despite the circumstances surrounding the 2009 Date Breach, Defendants have acted with malice,  oppression and in conscious disregard of the Plaintiffs' and Class members' rights.  Plaintiffs, therefore, seek an award of punitive damages on behalf of the Class.

## SEVENTH COUNT

### Breach of Fiduciary Duty

### (Against HEALTH NET)

82.    Plaintiffs incorporate the substantive allegations contained in all previous paragraphs as if fully set forth herein.

83.    HEALTH NET stands in a position of trust and confidence with Plaintiffs and the Class members, as their managed healthcare network.  Accordingly, HEALTH NET owes Plaintiffs and the Class members fiduciary duties, including the duties of confidentiality, loyalty, honesty, disclosure, good faith, and the duty to act in their best

20

interests.

84.   HEALTH NET failed to act as a reasonably careful healthcare provider by mishandling, losing and/or disclosing Plaintiffs' and Class members' Private Information as alleged above and, thus, breached the fiduciary duties it owed to Plaintiffs and the Class members.

85.   Plaintiffs are informed and believe that HEALTH NET knowingly acted against their interests by mishandling, misusing and/or disclosing, and by failing to follow proper procedures to protect, Plaintiffs' and Class members' Private Information.

86.   Plaintiffs and the Class members did not consent to HEALTH NET's mishandling and loss of their Private Information.

87.   HEALTH NET failed adequately to disclose its breach of fiduciary duty to Plaintiffs and the Class members in a timely manner.

88.   Plaintiffs and the Class members were harmed by HEALTH NET's breach of fiduciary duty, when their Private Information was misused and/disclosed. Plaintiffs seek actual damages on behalf of the Class.

89.   HEALTH NET mishandled Plaintiffs' and the Class members' Private Information in conscious disregard of their rights and expectations of privacy, amounting to fraudulent, malicious, and oppressive breaches of fiduciary duty justifying punitive damages against HEALTH NET in an amount sufficient to punish HEALTH NET for its egregious misconduct.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiffs pray for judgment as follows:

A.    For an Order certifying this action as a class action and appointing Plaintiffs and their Counsel to represent the Class;

B.    For equitable relief enjoining Defendants from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiffs' and Class members' Private Information,  and from refusing to issue prompt, complete and accurate disclosures to the Plaintiff and Class members;

C.    For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendants' wrongful conduct;

D.    For an award of actual damages, compensatory damages, statutory damages, and statutory penalties, in an amount to be determined;

E.    For an award of punitive damages;

F.    For an award of costs of suit and attorneys' fees, as allowable by law; and

G.    Such other and further relief as this court may deem just and proper.

///

///

///

///

///

///

**CLASS ACTION COMPLAINT**

1

## DEMAND FOR JURY TRIAL

2

Plaintiffs hereby demand a jury trial of their claims to the extent authorized by

3

4

law.

5

Dated:        March 24, 2011             AHDOOT & WOLFSON, PC

6

7

By: _____

8

Tina Wolfson

9

Attorneys for Plaintiffs,
JENNIFER KIRK, DAVID DONNELL,
and A. Y., a minor by and through  A.
DAVID Y., parent and *guardian ad litem*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV11- 2536 RSWL (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

TINA WOLFSON, SBN 174806
ROBERT AHDOOT, SBN 172098
AHDOOT & WOLFSON, APC
10850 Wilshire Boulevard, Suite 370
Los Angeles, California 90024
Tel: (310) 474-9111; Fax: (310) 474-8585

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER KIRK, an individual, DAVID DONNELL, an individual, and A.Y., a minor by and through A. DAVID Y., parent and *guardian ad* litem, on their own behalf of all others similarly situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>HEALTH NET, INC., a Delaware Corporation, INTERNATIONAL BUSINESS MACHINES CORP., a New York Corporation, and DOES 1-10, inclusive<br>DEFENDANT(S). | CASE NUMBER<br><br>**CV11  02536 RSWL VBKx**<br><br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): HEALTH NET, INC., a Delaware Corporation; and INTERNATIONAL BUSINESS MACHINES CORP., a New York Corporation

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, AHDOOT & WOLFSON, PC_____, whose address is 10850 WILSHIRE BOULEVARD, SUITE 370, LOS ANGELES CA 90024_____.   If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___MAR 3 0 2011___

By: __**CHRISTOPHER POWERS**__
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

JENNIFER KIRK, an individual, DAVID DONNELL, an individual, and A. Y., a minor by and through A. DAVID Y., parent and guardian ad litem, on their own behalf and on behalf of all others similarly situated,

**DEFENDANTS**

HEALTH NET, INC., a Delaware Corporation, INTERNATIONAL BUSINESS MACHINES CORP., a New York Corporation, and DOES 1-10, inclusive,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
TINA WOLFSON (SBN#174806)
AHDOOT & WOLFSON, PC, 10850 Wilshire Boulevard, Suite 370
Los Angeles, California 90024
Phn: (310) 474-9111

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No ☑ MONEY DEMANDED IN COMPLAINT: $ Excess of $5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of the California Confidentiality of Medical Information Act, Civil Code §56 et seq., and 6 others

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☑ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

TORTS
PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

CV11 02536

**FOR OFFICE USE ONLY:** Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08) — CIVIL COVER SHEET — Page 1 of 2

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | San Francisco County<br>State of Georgia |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | State of New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):   *T. Wolfe*   Date  March 24, 2011

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |